**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  | : |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| OVANTI US, INC., | : | Case No. 26-10372-BLS |
|  | : |  |
| Debtor. | : | **Hearing Date:  June 24, 2026 at 9:15 a.m. ET** |
|  | : | **Objection Deadline: June 17, 2026 at 4:00 p.m. ET** |
|  | : |  |

**APPLICATION OF THE CHAPTER 7**
**TRUSTEE FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF CIARDI CIARDI & ASTIN AS COUNSEL NUNC PRO TUNC TO MAY 1, 2026**

George L. Miller, chapter 7 trustee (the "Chapter 7 Trustee" or "Trustee") for Ovanti US, Inc. (the "Debtor"), hereby submits this application (the "Application") for entry of an order authorizing him to retain and employ Ciardi Ciardi & Astin ("CC&A") pursuant to Sections 327(a) and 328 of Title 11 of the United States Code as amended, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules").  In support of the Application, the Chapter 7 Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 327(a) and 328(a) of the Bankruptcy Code.

**BACKGROUND**

4.    By this Application, the Trustee seeks to employ CC&A as his attorneys to represent and assist him in carrying out his duties under this title and administering this chapter 7 case.

5.    The Trustee seeks to employ CC&A as his bankruptcy counsel because of CC&A's considerable experience in matters of this nature, and the Trustee believes that CC&A is well-qualified to perform the services required.  CC&A has represented trustees (including the Trustee), debtors in possession and creditors' committees in numerous cases.

6.    The professional services that CC&A will provide to the Trustee include, but shall not be limited to, the following:

    a.  providing legal advice to the Trustee with respect to his powers and duties;

    b.  preparing necessary applications, motions, answers, orders, reports and other legal papers on the Trustee's behalf;

    c.  analyzing the Debtor's financial condition in order to achieve the best possible outcome for the estate and its creditors;

    d.  appearing in Court and protecting the interests of the Trustee, the estate and its creditors; and

    e.  performing all other legal services for the Trustee that may be necessary and proper in these proceedings.

7.    To the best of the Trustee's knowledge, and except as disclosed in the declaration of Albert A. Ciardi III, Esquire (the "Declaration"), which is attached hereto and made a part hereof as **Exhibit A**, CC&A has not represented (and does not have any connection with) the Trustee, the Debtor, creditors of the estate, equity security holders or any other parties in interest or its

2

respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee in any matter relating to the Debtor or its estate.

8.  To the best of the Trustee's knowledge, and except as otherwise disclosed in the Declaration, CC&A does not hold or represent any interest adverse to the Debtor or its estate, and CC&A is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code.

9.  The Trustee believes that CC&A's employment is necessary and in the best interests of the estate and its creditors.

## RELIEF REQUESTED

10.  By this Application, the Trustee seeks the Court's approval to employ CC&A as his counsel pursuant to 11 U.S.C §§ 327 and 328, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

11.  Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

12.  Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Debtors, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application

3

shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Debtors, creditors, or any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

13. Lastly, Section 328 of the Bankruptcy Code provides (in relevant part):

[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

14. Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to CC&A at its normal and customary rates, plus reimbursement of actual, necessary expenses and other charges incurred.

### NOTICE

15. Notice of this Application has been given to the Office of the United States Trustee and all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto, authorizing the Trustee to employ CC&A as his counsel in this proceeding, and for such other and further relief as is just.

Dated: June 10, 2026

George L. Miller, Chapter 7 Trustee

4