# EXHIBIT A

## Declaration of Albert A. Ciardi III, Esq.

**I IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  | : |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| OVANTI US, INC., | : | Case No. 26-10372-BLS |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
|  | : |  |

**DECLARATION OF ALBERT A. CIARDI III IN SUPPORT OF APPLICATION OF**
**THE CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF CIARDI CIARDI & ASTIN AS COUNSEL**

I, Albert A. Ciardi III, Esquire, of full age, being duly sworn according to law, hereby declare as follows:

1.      I am a member of Ciardi Ciardi & Astin ("CC&A"), which maintains offices for the practice of law at 1204 N. King Street, Wilmington, Delaware 19801. I am an attorney at law, duly admitted and in good standing to practice in the Commonwealth of Pennsylvania and the States of Florida and New Jersey.

2.      I submit this declaration (the "Declaration") in connection with, and in support of, the *Application of George L. Miller, the Chapter 7 Trustee* (the "Chapter 7 Trustee" or "Trustee"), *Pursuant to Bankruptcy Code Sections 327(a) and 328(a) and Bankruptcy Rules 2014(a) and 2016, for Authority to Employ and Retain Ciardi Ciardi & Astin as Counsel to the Chapter 7 Trustee* (the "Application"),[1] in which he seeks to retain CC&A as his attorneys in the above-captioned chapter 7 case pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2014(a) and 2016.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3. Except as set forth herein, neither I, CC&A, nor any partner or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or any other party in interest herein, or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee.[2]

4. CC&A systematically maintains and updates its conflicts check system in the regular course of business.  Prior to the Trustee's filing of this Declaration, CC&A reviewed the entities listed on **Exhibit 1**.

5. CC&A has represented, and currently represents, George L. Miller, the Chapter 7 Trustee, in his capacity as chapter 7 trustee of estates unrelated to the Debtor and/or the Debtor's estate.

6. CC&A employs approximately 8 lawyers, has a diverse legal practice that encompasses numerous commercial entities, some of which may be claimants or otherwise have an interest in these proceedings. CC&A may have in the past represented, currently represent, and may in the future represent, certain entities that are claimants or potential claimants of the Debtor, or other parties in interest, in matters wholly unrelated to this chapter 7 case and their respective claims or potential claims against the Debtor.  Furthermore, CC&A appears in cases, proceedings and transactions involving various attorneys, accountants, financial consultants and investment bankers, some of which now, or may in the future, represent or themselves be claimants or parties in interest in this chapter 7 case.  Notwithstanding the foregoing, CC&A has not and will not represent such entities with respect to this chapter 7 case and their respective claims against the Chapter 7 Trustee or the Debtor. CC&A has not (and will not have) any relationship with any such entity that would be adverse to the Debtor or the bankruptcy estate.

---

[2] Joseph J. McMahon, Esq. was employed by CCA for approximately 10 years prior to returning to the Office of the United States Trustee in August 2020.

7.      CC&A respectfully submits that is not disqualified from employment by the Chapter 7 Trustee pursuant to 11 U.S.C. §§ 327 (a) and 328 as a result of CC&A's representation of the aforementioned creditors and parties in interest because CC&A's representation of these creditors and parties in interest is in regard to discrete and unrelated matters. Thus, no actual conflict of interest exists with respect to such creditors.

8.      Based upon the foregoing, I do not believe that CC&A either holds or represents any disqualifying interest adverse to the Chapter 7 Trustee, the Debtor, the estate, its creditors or other parties in interest. Also, CC&A is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

9.      CC&A intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of service charges, expenses and disbursements incurred by CC&A in connection with this case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court (the "Local Rules") and any Order of the Court.

10.     CC&A will charge its regular hourly rates for services performed in this case. Currently, CC&A's regularly hourly rates range from $300.00 to $675.00 for attorneys.  The principal attorneys presently designated to represent the Chapter 7 Trustee and their current standard hourly rates for representing the Chapter 7 Trustee are as follows:

      a.   Albert A. Ciardi, III          $675.00 per hour

      b.   John D. McLaughlin, Jr.        $675.00 per hour

      c.   Walter W. Gouldsbury III       $575.00 per hour

      d.   Sonali Dashi                   $335.00 per hour

Other attorneys and paraprofessionals may from time to time serve the Chapter 7 Trustee in connection with the matters herein described.

11.    The hourly rates set forth above are CC&A's current regular hourly rates for work of this nature and are normally subject to periodic adjustments to reflect economic and other conditions which adjustments usually take place annually.  These rates are set at a level designed to fairly compensate CC&A for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Such hourly rates do not include charges for non-legal personnel, including word processing, clerical, proofreading and secretarial staff. It is CC&A's policy to charge its clients for all other services provided and for disbursements and expenses incurred in relation thereto. These disbursements and expenses include, among other things, charges for telephone and facsimile usage, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and fees related to trials and hearings. CC&A will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients. CC&A believes it is more equitable to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12.    No promises have been rendered by or to CC&A as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. CC&A has no agreement with any other person (other than customary arrangement among the partners of CC&A) for the sharing of compensation to be received by CC&A in connection with services rendered in this case.

13.    CC&A reserves the right to supplement this Declaration should it discover further pertinent relationships that require disclosure in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.


Dated: June 10, 2026                                  */s/ Albert A. Ciardi III*
                                                     Albert A. Ciardi III

## EXHIBIT 1

**Trustee:**

George L. Miller

**Debtor:**

Ovanti US, Inc.

**Debtor's Counsel:**

Bielli & Klauder, LLP

Directors, Officers and Equity Holders of the Debtor:

Peter Maher
Joshua Quinn
Ovanti, Ltd.

Creditors/ Interested Parties Known to Date:

*See* Creditors listed on D.I. 8.

Bankruptcy Judges:
  The Honorable Laurie Selber Silverstein
  The Honorable Craig T. Goldblatt
  Chief Judge Karen B. Owens
  The Honorable J. Kate Stickles
  The Honorable Thomas M. Horan
  The Honorable Mary F. Walrath
  The Honorable Brendan L. Shannon

**Trial Attorneys for the Office of the United States Trustee:**

| | |
|---|---|
| Andrew R. Vara | Hannah M. McCollum |
| David Buchbinder | Joseph McMahon |
| Linda Casey | Linda Richenderfer |
| Timothy J. Fox, Jr. | Juliet Sarkessian |
| Benjamin Hackman | Richard Schepacarter |
| Jane Leamy | Rosa Sierra-Fox |

**Staff of the Office of the U.S. Trustee**:

| | |
|---|---|
| Lauren Attix | Nyanquoi Jones |
| Denis Cooke | James R. O'Malley |
| Holly Dice | Angelique Okita |
| Shakima L. Dortch | Michael Panacio |
| Diane Giordano | Edith A. Serrano |
| Christine Green | Dion Wynn |
| Ramona Harris | |